**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MICHAEL L. JACKSON, #308858,

      Plaintiff,      Case No. 10-cv-12225

v.               Honorable Marianne O. Battani

BAY COUNTY PROSECUTOR,

      Defendant(s).
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

**I. INTRODUCTION**

Before the Court is Plaintiff Michael L. Jackson's *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff is a state prisoner currently confined at the Bellamy Creek Correctional Facility in Ionia, Michigan. The Court has granted his application to proceed without prepayment of the filing fee. *See* 28 U.S.C. § 1915(a).

In his complaint, Plaintiff asserts that he was maliciously prosecuted and falsely imprisoned. He names the Bay County Prosecutor's Office, and Prosecutors Richard I. Dresser, Nancy E. Borushko, and Kurt C. Asbury as Defendants in this action. He also names the Bay County Jail as a Defendant. Plaintiff seeks relief from his imprisonment.

Having reviewed the complaint, the Court dismisses it for failure to state a claim upon which relief may be granted. The Court also concludes that an appeal may not be taken in good faith.

**II. DISCUSSION**

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The Court is aware that a *pro se* complaint should be held to a "less stringent standard" than one drafted by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even a *pro se* complaint, however, must plead facts sufficient to show a legal wrong has been committed for which the plaintiff may be granted relief. To state a federal civil rights claim, a plaintiff must show that: (1) the defendant is a person who acted under color of state or federal law, and (2) the defendant's conduct deprived the plaintiff of a federal right, privilege, or immunity. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996). Despite the liberal pleading standard accorded *pro se* plaintiffs, the Court finds that the complaint is subject to dismissal.

A claim under § 1983 is an appropriate remedy for a state prisoner challenging a condition of his imprisonment, *see Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973), not the validity of his continued confinement. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)

2

(holding that a state prisoner does not state a cognizable civil rights claim challenging his imprisonment if a ruling on his claim would necessarily render his continuing confinement invalid, until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance or a writ of habeas corpus under 28 U.S.C. § 2254). This holds true regardless of the relief sought by the plaintiff. *Id*. at 487-89.

*Heck* and other Supreme Court cases, when "taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

In this case, if Plaintiff were to prevail on his claims, the validity of his continued confinement would be called into question. Such claims are barred by *Heck* and must be dismissed.

## III. CONCLUSION

For the reasons stated, the Court concludes that Plaintiff has failed to state a claim upon which relief may be granted in his pleadings. Accordingly, the Court **DISMISSES** the complaint. Additionally, the Court concludes that an appeal from this order would be frivolous

and therefore cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

                    s/Marianne O. Battani
                    MARIANNE O. BATTANI
                    UNITED STATES DISTRICT JUDGE

Dated: June 24, 2010

## CERTIFICATE OF SERVICE

I hereby certify that on the above date a copy of this Order was served upon the Plaintiff via ordinary U.S. Mail.

                    s/Bernadette M. Thebolt
                    Case Manager